IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br>                Plaintiff, | CIVIL ACTION |
| v. | |
| JOHN O'BRIEN,<br>                Defendant. | NO.  16-1983 |

DuBois, J.                                                                                                    November 23, 2016

**M E M O R A N D U M**

**I.     INTRODUCTION**

      This case arises out of a contractual dispute over an indemnity agreement.  Defendant John O'Brien and others agreed to indemnify plaintiff Arch Insurance Company for the issuance of a sizeable Performance Bond.  However, O'Brien failed to meet his financial obligations under the indemnity agreement or respond to plaintiff's Complaint seeking reimbursement.  A default was entered against O'Brien on June 16, 2016.

      Plaintiff filed a Motion for Entry of Default Judgment Against O'Brien pursuant to Federal Rule of Civil Procedure 55(b) on July 20, 2016.  On November 17, 2016, the Court conducted a hearing on that Motion.  Based on the following Findings of Fact and Conclusions of Law, judgment is entered in favor of plaintiff and against defendant John O'Brien in the sum of $3,489,270.17 plus post-judgment interest of $821.92 per day based on the contractual interest rate provided in the indemnity agreement.

**II.    PROCEDURAL BACKGROUND**

      On April 26, 2016, plaintiff filed suit in this Court against John O'Brien and Alan Katz for failure to meet their obligations under the General Indemnity Agreement, signed by both parties on or about March 16, 2011.  The Complaint was properly served on Katz on May 9,

2016 and on O'Brien on May 11, 2016.  O'Brien failed to respond to the Complaint. Accordingly, a default was entered against him by the Clerk of Court on June 15, 2016.  After the granting of two extensions of time, Katz failed to respond to the Complaint, and a default was entered against him on August 23, 2016.

In addition to the Motion for Default Judgment Against Defendant John O'Brien, on September 1, 2016, plaintiff filed a Motion for Default Judgment Against Defendant Alan Katz. On November 13, 2016, Katz filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  By Order dated November 17, 2016, the Court severed the claims against Katz, stayed those claims pursuant to § 362 of the United States Bankruptcy Code, and transferred the claims against Katz to the Civil Suspense File.

On November 16, 2016, the Court conducted a hearing for assessment of damages against O'Brien.  Notwithstanding notice to O'Brien, he did not appear at the hearing.  Prior to the hearing, plaintiff had submitted Proposed Findings of Fact and Conclusions of Law.  As directed by the Court, plaintiff submitted additional briefing on choice of law issues on November 18, 2016.

**III.    FINDINGS OF FACT**

1. Plaintiff Arch Insurance Company is a Missouri corporation with its principal place of business in Jersey City, New Jersey.

2. Defendant John O'Brien is an individual residing at 1 Rockland Falls Road, Rockland, Delaware 19732.

3. On or about March 16, 2011, John O'Brien, along with a host of other signators, entered into an indemnity agreement, entitled "General Indemnity Agreement," in Delaware, in favor of plaintiff.  The Indemnity Agreement was an inducement for plaintiff to issue

Performance Bond No. SU1105638, related to ongoing construction work at the World Trade Center, in the initial penal sum of $57,376,145.00, naming Falcon Steel Company as principal. Falcon subsequently defaulted on its obligations under the Performance Bond.

4.  Pursuant to the Indemnity Agreement, O'Brien agreed to exonerate and indemnify plaintiff from and against all losses and expenses, including attorneys' fees, that plaintiff sustained as a result of executing the Performance Bond.  Under the terms of the agreement, (a) O'Brien was jointly and severally liable with the other indemnitors for any obligation, (b) plaintiff was entitled to settle any claim that was brought against it on the Bond and the decision was binding on the indemnitors, and (c) plaintiff was entitled to pre- and post-judgment interest at the contractual rate of ten percent per annum or the maximum rate permitted by applicable law if less than ten percent. Pl.'s Proposed Findings of Fact and Conclusions of Law, Ex. A, General Indemnity Agmt. ("Indemnity Agmt."), ¶¶ 8, 24.

5.  Following Falcon's failure to fulfill its obligations, plaintiff entered into a Settlement Agreement with the beneficiary under the Performance Bond.  Pursuant to the Settlement Agreement, plaintiff paid the Performance Bond beneficiary $3,000,000 on December 29, 2014.  Plaintiff also incurred attorneys' fees and costs to investigate, defend, and resolve the claim, and enforce the Indemnity Agreement.  The fees and costs have continued to accrue as the matter has proceeded and presently total $128,858.17.

6.  Plaintiff seeks to recover in this litigation the $3,000,000 paid in settlement under the Performance Bond and $128,858.17 in legal fees and other costs, as set out in plaintiff's submitted Payment History Report, to resolve the claims and enforce the Indemnity Agreement. Pl.'s Proposed Findings of Fact and Conclusions of Law, Ex. B, Falcon Steel Co. and Affiliates Payment History Report.  Plaintiff also seeks pre- and post-judgment interest on the $3,000,000

bond settlement amount at the rate of ten percent per annum as provided in the Indemnity Agreement. Indemnity Agmt. ¶ 24. The amount sought by plaintiff is reduced by payments totaling $30,000 that have been received from other indemnitors.

7. Plaintiff made repeated demands on O'Brien to be reimbursed for plaintiff's expenditures, including by letter dated August 6, 2015. To date, O'Brien has failed to indemnify plaintiff.

### IV. CONCLUSIONS OF LAW

8. The Court has jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332.

9. Delaware law applies to the dispute as the Indemnity Agreement was executed in Delaware.

10. Liability against O'Brien for contractual indemnification has been established through the issuance of a default pursuant to Federal Rule of Civil Procedure 55. *See Belmonte v. Spitzer*, No. 09-cv-4715, 2010 WL 2195651, at *1 (D.N.J. May 27, 2010) ("Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint.").

11. A default judgment, however, "does not establish liability for the amount of damages claimed by the plaintiff." *Belmonte*, 2010 WL 2195651 at *1. When contracts are involved, "[c]ontract terms themselves will be controlling when they establish the parties' common meaning so that a reasonable person in the position of either party would have no expectations inconsistent with the contract language." *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del 2012).

12. Plaintiff has established that O'Brien is jointly and severally liable with the other indemnitors for the damages claimed by plaintiff. Parties may contract for indemnity under Delaware law. *See Delle Donne & Assocs., LLP v. Millar Elevator Serv. Co.*, 840 A.2d 1244,

1253-54 (Del. 2004). "Where . . . [an] indemnity agreement does expressly include attorneys' fees, *a fortiori*, they are recoverable under the terms of that agreement." *Delle Donne*, 840 A.2d at 1255.

13. First, plaintiff is entitled to recover the $3,000,000 payment made to the beneficiary under the Performance Bond in settlement of the underlying claim on the Bond. Indemnity Agmt. ¶ 3. Additionally, plaintiff is entitled to reimbursement for the $128,858.17 it has paid in legal fees and other expenses to resolve the underlying Performance Bond claim and enforce the Indemnity Agreement. *Id.* Defendant O'Brien's liability is reduced by the $30,000 recovered from other indemnitors.

14. The Court awards plaintiff $3,098,858.17 as indemnification for its settlement payment and legal fees and expenses related to the settlement and enforcement of the Indemnity Agreement.

15. Second, pursuant to the terms of the Indemnity Agreement, plaintiff is awarded pre- and post-judgment interest at the contractual rate of ten percent per annum from the date of its August 6, 2015 demand. Indemnity Agmt. ¶ 24; *see Delaware Tech. & Cmty. Coll. v. Emory Hill & Co.*, 116 A.3d 1243 (Del. 2015) (holding that there is no applicable maximum interest rate when a debt other than a personal loan was involved and therefore using the contractual interest rate of up to twelve percent per annum).

16. Plaintiff only seeks interest on the $3,000,000 settlement payment. As of November 23, 2016, pre-judgment interest on the $3,000,000 principal since the August 6, 2015 demand totals $390,412.00.

17. The Court awards plaintiff $390,412.00 in pre-judgment interest.

18.     The Court also awards plaintiff interest from the date of this Order at the per diem rate of $821.92.

An appropriate order follows.